UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SERGIO ORTIZ, | ) |
|                 Petitioner, | ) |
|        v. | ) No. 2:20-cv-00164-JRS-DLP |
| BRIAN SMITH, | ) |
|                 Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Sergio Ortiz, an inmate of the Indiana Department of Correction ("IDOC"), has filed a petition for a writ of habeas corpus challenging his prison disciplinary conviction in case number ISF 19-11-0154. For the reasons explained below, the petition is **DENIED**.

**I.
LEGAL STANDARD**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
## BACKGROUND

On November 12, 2019, IDOC Correctional Officer Hammer wrote a Report of Conduct charging Mr. Ortiz with possession of a controlled substance, a violation of IDOC Adult Disciplinary Code B-202. Dkt. 7-1. The Report of Conduct states:

> On 11-12-19 at Approx: 1300 p.m. in 14 N-Bed 29A I c/o Hammer # 345 while conducting a property and bed area search of offender Ortiz, Sergio DOC # 199568 located 2 pieces of orange substance wrapped in plastic and toilet paper hidden under an insole of a blue state issued shoe that was located under his bed. Offender Ortiz was identified by his state issued I.D. and informed of the conduct report.

*Id.* Officer D. Wire subsequently completed an investigation report identifying the confiscated item as Suboxone. Dkt. 7-4. Officer Wire stated that a field test was not necessary because the code "N8" was imprinted on the confiscated item. *Id.*

On November 14, 2019, Mr. Ortiz was notified of the charge and given a copy of the Screening Report. Dkt. 7-5. He pleaded not guilty and requested a lay advocate. He asked to call witnesses "14NA-28L" and "14NA-32L" to ask them "what they seen." *Id.* He also requested video of the search and a test of the confiscated item. *Id.*

Offender Justin Bender (housing unit 14N-28LA) provided the following written statement: "These write ups were both given at the same shakedown. It was on incident. I never saw any contraband, only the shakedown." Dkt. 7-7. Offender Brian Cox (housing unit 14N-32LA) provided the following written statement: "I saw Sergio getting shook down and taken to the shower for a strip search, then later after a brief absence an officer returned and had Sergio sign two conduct reports. I never saw anything confiscated, just the search. This is all I remember seeing now." Dkt. 7-8.

On November 18, 2020, this matter proceeded to a discipline hearing. Dkt. 7-9. Mr. Ortiz told the hearing officer, "The search was very long. I am unsure where they found it." *Id.* The

hearing officer found him guilty based on staff reports. *Id.* Mr. Ortiz received a loss of 60 days earned credit time. *Id.*

Mr. Ortiz appealed his disciplinary conviction to the Facility Head and the IDOC Final Reviewing Authority. Dkt. 7-11; dkt. 7-12. He argued that the evidence was insufficient to support his disciplinary conviction because the confiscated item was in another inmate's shoes, and Mr. Ortiz did not know that this inmate's shoes were under his bunk. Dkt. 7-11. He did not contest that the confiscated item was in fact a controlled substance. *Id.* These appeals were denied. *Id.*; dkt. 7-12.

### III.
### DISCUSSION

In his habeas petition, Mr. Ortiz raises the following issues: (1) the evidence is insufficient because prison officials did not perform a chemical test of the confiscated item; (2) the failure to perform a chemical test violated IDOC policy; (3) the failure to provide a written description of the confiscated item violated IDOC policy; (4) the failure for each witness to write a separate witness report violated IDOC policy. Dkt. 1, pp. 3-4.

The respondent argues that the Court should dismiss these issues because Mr. Ortiz did not present them in his administrative appeals. Indiana prisoners challenging their disciplinary convictions may only raise issues in a petition for a writ of habeas corpus that were previously raised in a timely appeal to the Facility Head and then to the IDOC Final Reviewing Authority. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

Mr. Ortiz did not raise the same issues in his administrative appeals that he raises in his habeas petition. Although he did argue that the evidence was insufficient to sustain his disciplinary conviction, the argument in his administrative appeal was based on a lack of knowledge that the

confiscated item was under his bunk, while the argument in his habeas petition is based on the lack of a chemical test verifying that the confiscated item was a controlled substance. He has not demonstrated good cause to excuse the failure to exhaust his administrative remedies. Accordingly, his request for relief is **DENIED**.

## IV.
## CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles the petitioner to the relief he seeks. Accordingly, the petition for a writ of habeas corpus must be **DENIED** and the action **DISMISSED**.

**SO ORDERED**.

Date:   11/20/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SERGIO ORTIZ
199568
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov